**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

_____

**BUILDING TRADES UNITED PENSION TRUST FUND**
**and SCOTT J. REDMAN (in his capacity as Trustee),**

**INDUSTRY ADVANCEMENT/ CONTRACT**
**ADMINISTRATION FUND,**

**WISCONSIN LABORERS HEALTH FUND, WISCONSIN**
**LABORERS PENSION FUND, WISCONSIN LABORERS**
**APPRENTICESHIP AND TRAINING FUND, and**
**BUILDING & PUBLIC WORKS LABORERS VACATION**
**FUND, and JOHN J. SCHMITT (in his capacity as Trustee)**

**WISCONSIN LABORERS DISTRICT COUNCIL,**

**WISCONSIN LABORERS-EMPLOYERS COOPERATION**
**AND EDUCATION TRUST FUND, WISCONSIN LABORERS**
**LABOR MANAGEMENT COOPERATION TRUST FUND,**
**and WISCONSIN LABORERS INDUSTRY ADVANCEMENT**
**PROGRAM FUND,**

**WISCONSIN MASONS PENSION FUND, WISCONSIN**
**MASONS HEALTH CARE FUND, WISCONSIN MASONS**
**VACATION FUND, WISCONSIN MASONS 401k FUND,**
**WISCONSIN MASONS APPRENTICESHIP AND TRAINING**
**FUND, WISCONSIN MASONS IPF FUND, and**
**JEFFREY LECKWEE (in his capacity as Trustee),**

**BRICKLAYERS AND TROWEL TRADES INTERNATIONAL**
**PENSION FUND, INTERNATIONAL MASONRY INSTITUTE,**

**BRICKLAYERS AND ALLIED CRAFTWORKERS DISTRICT**
**COUNCIL OF WISCONSIN,**

**INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED**
**CRAFTWORKERS,**

                              **Plaintiffs,**

          **v.**                                                      **Case No.  14-cv-13**

**BALLOU MASONRY, INC. and WILLIAM A. BALLOU**

                              **Defendants.**

_____

                              **COMPLAINT**

_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Benjamin J. Roovers, and as and for a cause of action against the Defendants, allege and show to the Court the following:

<u>**Jurisdiction and Venue**</u>

1.      Jurisdiction of this Court upon Defendants Ballou Masonry Inc. ("Ballou Masonry) and William Ballou ("Ballou") is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") (29 U.S.C. § 1132), and Section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendants' violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendants' continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, Section 301 of the LMRA, and the common law of the State of Wisconsin.

2.      Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Defendants' principal place of business is located in Rock County, Wisconsin.

<u>**Parties**</u>

3.      Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of ERISA §§ 3(1), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (3), and (37), 1132, and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of

said Plans.  Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4.     Plaintiff Scott J. Redman is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant within the meaning of ERISA (29 U.S.C. § 1002(7)) and as such has standing to be a plaintiff in this action and to seek the remedies prayed for.  Mr. Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, Wisconsin 53224.

5.     Plaintiff Industry Advancement Program/Contract Administration Fund ("IAP/CA Fund") is an employee benefit plan governed by a Board of Trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)).  It brings this action on behalf of the Trustees, participants, and beneficiaries of said organization and maintains offices at P.O. Box 507, Brookfield, Wisconsin 53008.

6.     Plaintiffs Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, Building & Public Works Laborers Vacation Fund, and Wisconsin Laborers Apprenticeship & Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the Trustees, participants, and beneficiaries of said Plans. Said plan maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin  53532.

7.     Plaintiff John J. Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such has standing to be a Plaintiff in this action.  Mr. Schmitt maintains an office at 4633 LIUNA Way, Suite 101, DeForest, WI 53532.

8.     Plaintiff Wisconsin Laborers District Council is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues.  Said labor organization maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

9.     Plaintiffs Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund"), Wisconsin Laborers Labor Management Cooperation Trust Fund, and Wisconsin Laborers Industry Advancement Program are employee benefit plans governed by a Board of Trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)), whose purpose is to address areas of common concern to labor and management in the construction industry.  Said Plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

10.    Plaintiffs Wisconsin Masons Pension Fund, Wisconsin Masons Health Care Fund, Wisconsin Masons Vacation Fund, Wisconsin Masons 401k Fund, Wisconsin Masons IPF Fund, and Wisconsin Masons Apprenticeship and Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the Trustees, participants, and beneficiaries of said Plans. Said Plans maintain offices at 2901 Beltline Highway, Madison, Wisconsin  53713.

11.    Plaintiff Jeffrey Leckwee is a trustee and a fiduciary of the Wisconsin Masons Health Care Fund, as well as a participant and beneficiary within the meaning

- 4 -

of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for.  Jeffrey Leckwee maintains an office at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

12.     Plaintiffs Bricklayers and Trowel Trades International Pension Fund and International Masonry Institute ("IMI") are employee benefit plans within the meaning of ERISA §§ 3(2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3), and (37), 1132, and 1145), and bring this action on behalf of the trustees, participants, and beneficiaries of said Plans.  Said Plans maintain offices at 620 F Street NW, Washington, D.C. 20004.

13.     Plaintiff Bricklayers and Allied Craftworkers District Council of Wisconsin is a labor organization ("Union") within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues.  Said labor organization maintains offices at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

14.     Plaintiff International Union of Bricklayers and Allied Craftworkers is a labor organization ("Union") within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and beneficiaries of said organization for whom it collects working dues.  Said organization maintains offices at 620 F Street NW, Washington, D.C. 20004.

15.     Ballou Masonry is a Wisconsin corporation, engaged in business, with principal offices located at 2113 Shear Ct., Beloit, Wisconsin 53511.  Its registered agent for service of process is William A. Ballou, 2113 Shear Ct., Beloit, Wisconsin 53511.

- 5 -

16.     Upon information and belief, William A. Ballou is an adult resident of the State of Wisconsin, with a residence located at 2113 Shear Ct., Beloit, Wisconsin 53511.

## Facts

17.     Ballou Masonry is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12), and (14) (29 U.S.C. §§ 1002(5), (11), (12), and (14)) and the LMRA (29 U.S.C. §151, et seq.).

18.     For all times relevant, Ballou Masonry was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Union.

19.     The Labor Agreements described herein contain provisions whereby Ballou Masonry agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

20.     By execution of said Labor Agreements, Ballou Masonry adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

21.     By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations

- 6 -

heretofore and hereafter adopted by the trustees of said trust funds, Ballou Masonry has agreed as follows:

    a.    to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b.    to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Unions;

    c.    to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    d.    to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiffs pursuant to the trust agreements;

    e.    to adopt and abide by all of the actions of the trustees in administering the Plaintiffs in accordance with the trust agreements and the rules so adopted;

    f.    to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

    g.    to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

22.     Ballou Masonry has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

      a.    failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of Ballou Masonry's covered employees; and

      b.    failing to accurately report employee work status to the Plaintiffs.

23.     ERISA § 502(g)(2), as amended by the MPPAA provides:

(2)     In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)     the unpaid contributions,

(B)     interest on the unpaid contributions,

(C)     an amount equal to the greater of --

(i)      interest on the unpaid contributions, or

(ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)     reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E)     such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

24.    ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

25.    Despite demands that Ballou Masonry perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, and omitted to make those payments.   Cornelius Contractors is now indebted to the Plaintiffs as follows:

Audited Period May 1, 2011 through March 31, 2012:

| | |
|---|---|
| Wisconsin Laborers Pension Fund | $12,127.54 |
| Wisconsin Laborers Health Fund | 12,446.39 |
| Building & Public Works Laborers Vacation Fund | 51.60 |
| Wisconsin Laborers LECET Fund | 162.49 |
| Wisconsin Laborers District Council (Dues) | 1,304.63 |
| Wisconsin Laborers Labor Management Cooperation Trust Fund | 80.92 |
| Wisconsin Laborers Apprenticeship & Training Fund | 553.89 |
| Wisconsin Laborers Industry Advancement Program Fund | 60.71 |
| | |
| Wisconsin Masons Pension Fund | $20,362.70 |
| Wisconsin Masons Health Care Fund | 23,775.55 |
| Wisconsin Masons Apprenticeship and Training Fund | 591.08 |
| Wisconsin Masons 401k Fund | 27.28 |
| Bricklayers and Allied Craftworkers District Council of Wisconsin (Dues) | 4,352.44 |
| Wisconsin Masons Vacation Fund | 545.99 |
| International Union of Bricklayers and Allied Craftworkers (Dues) | 1,179.38 |
| Bricklayers and Trowel Trades International Pension Fund | 6,989.00 |
| International Masonry Institute | 937.80 |
| Wisconsin Masons IPF Fund | 1,051.06 |

Audited Period July 1, 2011 through December 31, 2012:

| | |
|---|---|
| Building Trades United Pension Trust Fund | $1,374.36 |
| Industry Advancement/Contract Administration Fund | 71.24 |

Audited Period April 1, 2012 through March 31, 2013:

| | |
|---|---|
| Wisconsin Laborers Pension Fund | $325.34 |
| Wisconsin Laborers Health Fund | 439.80 |
| Wisconsin Laborers LECET Fund | 4.51 |
| Wisconsin Laborers District Council (Dues) | 55.68 |
| Wisconsin Laborers Labor Management Cooperation Trust Fund | 2.26 |
| Wisconsin Laborers Apprenticeship & Training Fund | 12.97 |
| Wisconsin Laborers Industry Advancement Program Fund | 1.70 |
| | |
| Wisconsin Masons Pension Fund | $380.18 |
| Wisconsin Masons Health Care Fund | 535.29 |
| Wisconsin Masons Apprenticeship and Training Fund | 0.91 |
| Bricklayers and Allied Craftworkers District Council of Wisconsin (Dues) | 3.42 |
| Bricklayers and Trowel Trades International Pension Fund | 9.12 |

Unaudited Period April 1, 2013 to the Present:

| | |
|---|---|
| Wisconsin Laborers Pension Fund | Unknown |
| Wisconsin Laborers Health Fund | Unknown |
| Building & Public Works Laborers Vacation Fund | Unknown |
| Wisconsin Laborers LECET Fund | Unknown |
| Wisconsin Laborers District Council (Dues) | Unknown |
| Wisconsin Laborers Labor Management Cooperation Trust Fund | Unknown |
| Wisconsin Laborers Apprenticeship & Training Fund | Unknown |
| Wisconsin Laborers Industry Advancement Program Fund | Unknown |
| | |
| Wisconsin Masons Pension Fund | Unknown |
| Wisconsin Masons Health Care Fund | Unknown |
| Wisconsin Masons Apprenticeship and Training Fund | Unknown |
| Wisconsin Masons 401k Fund | Unknown |
| Bricklayers and Allied Craftworkers District Council of Wisconsin (Dues) | Unknown |
| Wisconsin Masons Vacation Fund | Unknown |
| International Union of Bricklayers and Allied Craftworkers (Dues) | Unknown |
| Bricklayers and Trowel Trades International Pension Fund | Unknown |
| International Masonry Institute | Unknown |
| Wisconsin Masons IPF Fund | Unknown |

Unaudited Period January 31, 2013 to the Present:

| | |
|---|---|
| Building Trades United Pension Trust Fund | Unknown |
| Industry Advancement/Contract Administration Fund | Unknown |

26.    Upon information and belief, William A. Ballou is Ballou Masonry's president and/or one of the officers, shareholders, and/or directors.

27.    Upon information and belief, William A. Ballou is the only individual with authority to decide whether Ballou Masonry submits contributions to the Vacation Fund.

## Claim One Against Ballou Masonry, Inc.
## Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

28.    As and for a first claim for relief against Ballou Masonry, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 27 above and incorporate the same as though fully set forth herein word for word.

29.    For purposes of this claim (Claim One), the Building Trades United Pension Trust Fund, Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, Building & Public Works Laborers Vacation Fund, Wisconsin Laborers Apprenticeship & Training Fund, Wisconsin Masons Pension Fund, Wisconsin Masons Health Care Fund, Wisconsin Masons Vacation Fund, Wisconsin Masons 401k Fund, Wisconsin Masons Apprenticeship and Training Fund, Wisconsin Masons IPF Fund, Bricklayers and Trowel Trades International Pension Fund, and International Masonry Institute are hereinafter referred to as the "Funds."

30.    Due demand has been made by the Funds upon Ballou Masonry for payment of all sums due and owing, but said Defendant has failed to pay them and amounts remain due and owing.

31.    Because, as the Funds are informed and believe, Ballou Masonry has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed.  Consequently, ERISA

and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

32.    Because Ballou Masonry has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.   These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1.    Judgment on behalf of the Funds and against Ballou Masonry:

   A.    For $79,459.88, representing contributions, interest, and liquidated damages owed to the Funds for the audit period covering May 1, 2011 through March 31, 2012;

   B.    For $1,374.36, representing contributions, interest, and liquidated damages owed to the Funds for the audit period covering July 1, 2011 through December 31, 2012;

   C.    For $1,703.61, representing contributions and interest owed to the Funds for the audit period covering April 1,2012 through March 31, 2013;

   D.    For unpaid contributions, interest, and liquidated damages owed to the Building Trades United Pension Trust Fund for the period January 1, 2013 through the date this action was commenced;

- 12 -

E.    For unpaid contributions, interest, and liquidated damages owed to all other Funds for the period April 1, 2013 through the date this action was commenced;

F.    For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

G.    Actual attorney fees and the costs of this action.

2.    For such other, further, or different relief as the Court deems just and proper.

## Claim Two Against Defendant Ballou Masonry, Inc.
## Violation of LMRA § 301 (29 U.S.C. § 185)

33.    As and for a second claim for relief against Ballou Masonry, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 32 above and incorporate the same as though fully set forth herein word for word.

34.    For purposes of this claim (Claim Two), the Industry Advancement/Contract Administration Fund, Wisconsin Laborers LECET Fund, Wisconsin Laborers Labor Management Cooperation Trust Fund, and Wisconsin Laborers Industry Advancement Program Fund are hereinafter referred to as the "Funds."

35.    For purposes of this claim (Claim Two), the Wisconsin Laborers District Council, Bricklayers and Allied Craftworkers District Council of Wisconsin, and the International Union of Bricklayers and Allied Craftworkers are hereinafter referred to as the "Unions."

36.     Due demand has been made upon Ballou Masonry for payment of all contributions owed to the Funds, but said Defendant has refused to pay them, and amounts remain due and owing.

37.     Ballou Masonry deducted working dues from its employees' paychecks, such working dues being due the Unions, but failed to submit same to the Unions.

38.     Due demand has been made upon Ballou Masonry for payment of all working dues outstanding, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

39.     Because, as the Funds are informed and believe, Ballou Masonry has not paid timely and prompt contributions on behalf of union members, the Funds' income is reduced and its beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.   These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.   Consequently, LMRA has been violated, and the Funds are entitled to all of the remedies provided by LMRA.

40.     Because, as the Unions are informed and believe, Ballou Masonry has not paid timely and prompt working dues on behalf of the Union members, the Unions' income is reduced, and their participants and members may be forced to pay working dues out of pocket; even though said amounts may have already been deducted from their paychecks by the Defendant.   Consequently, the LMRA has been violated, and the Unions are entitled to all of the remedies provided by the LMRA.

**WHEREFORE**, the Funds and Unions demand the following relief:

1.      Judgment on behalf of the Funds and against Ballou Masonry as follows:

     A.      For $304.12, representing unpaid contributions and interest owed to the Funds for the audit period covering May 1, 2011 through March 31, 2012;

     B.      For $6,836.45, representing unpaid working dues owed to the Unions for the audit period covering May 1, 2011 through March 31, 2012;

     C.      For $71.24, representing unpaid contributions, interest and liquidated damages owed to the Funds for the audit period covering July 1, 2011 through December 31, 2012;

     D.      For $8.47, representing unpaid contributions and interest owed to the Funds for the audit period covering April 1, 2012 through March 31, 2013;

     E.      For $59.10, representing unpaid working dues owed to the Unions for the audit period covering April 1, 2012 through March 31, 2013;

     F.      For unpaid contributions owed to the Industry Advancement Program/Contract Administration Fund for the period January 1, 2013 through the date this action was commenced;

     G.      For unpaid contributions owed to all other funds for the period April 1, 2013 through the date this action was commenced;

     H.      For unpaid working dues owed to the Unions for the period April 1, 2013, through the date this action was commenced;

I.   For unpaid contributions owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

J.   For unpaid working dues owed to the Union becoming due and/or arising after the commencement of this lawsuit through the date of judgment;

K.   Actual attorney fees and the costs of this action.

2.   For such other, further, or different relief as the court deems just and proper.

### Claim Three - Building & Public Works Laborers Vacation Fund and Wisconsin Masons Vacation Fund Claim Against William A. Ballou, Personally Violation of ERISA § 409 (29 U.S.C. § 1109)

41.   As and for a claim for relief against William A. Ballou, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 40 above and incorporate the same as though fully set forth herein word for word.

42.   For purposes of this claim (Claim Three), the Building & Public Works Laborers Vacation Fund and Wisconsin Masons Vacation fund are hereinafter referred to as the "Funds."

43.   By his failure to submit fund assets to the Funds, Ballou exercised "authority or control respecting management or disposition of [the Plan's] assets." ERISA § 3(21)(A)(i) (29 U.S.C. § 1002(21)(A)(i)).

44.   By failing to submit Ballou Masonry's employees' contributions, which were deducted from employees' paychecks, to the Funds, Ballou breached his fiduciary

- 16 -

duties to the Vacation Fund and engaged in a prohibited transaction pursuant to ERISA §§ 414(a) and 406(b)(1).

45.     As a result of his conduct, Ballou is personally liable for all contributions owed to the Vacation Fund, as well as any income which would have been realized had said contributions been made timely.  <u>See</u> ERISA § 409 (29 U.S.C. § 1109).

**WHEREFORE**, the Funds demand the following relief:

1.     Judgment on behalf of the Funds and against Ballou, jointly and severally:

    A.     For $597.59, representing contributions, interest, and liquidated damages owed to the Funds for the audit period May 1, 2011 through March 31, 2012;

    B.     For unpaid contributions, interest, and liquidated damages owed to the Funds for the period April 1, 2013 through the date this action was commenced;

    C.     For unpaid contributions, interest, and liquidated damages owed to the Funds arising after the commencement of this lawsuit through the date of judgment; and

    D.     For the loss of any income which would have been realized had the contributions been made to the Funds on a timely basis.

2.     For such other, further, or different relief as this Court deems just and proper.

**Claim Four – Wisconsin Laborers District Council,
Bricklayers and Allied Craftworkers District Council of Wisconsin and
International Union of Bricklayers & Allied Craftworkers
Against William A. Ballou, Personally
Civil Theft, §§ 895.446 and 943.20, Wis. Stats.**

46.     As and for a fourth claim for relief against Ballou, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 45 above and incorporate the same as though fully set forth herein word for word.

47.     By his intentional conduct, by virtue of his position as one of Ballou Masonry's officers, shareholders, and/or directors, Ballou has retained possession of working dues without the Unions' consent.

48.     Ballou has intentionally retained working dues with the intent to convert said monies for his own use or for the use of Ballou Masonry.

49.     By virtue of his conduct, Ballou has violated Wis. Stats. §§ 895.446 and 943.20.

50.     By virtue of Ballou's intentional conduct, the Unions are entitled to their costs of litigation and investigation as well as treble damages pursuant to Wis. Stats. § 895.446(3)(b), (c).

**WHEREFORE**, the Unions demand the following relief:

1.     Judgment on behalf of the Unions and against Ballou, jointly and severally, as follows:

> A.     For $6,836.45, representing the amounts deducted from Ballou Masonry's employees' paychecks, which should have been paid to the Unions as working dues for the audit period May 1, 2011 through March 31, 2012;

B.      For $59.10, representing the amounts deducted from Ballou Masonry's employees' paychecks, which should have been paid to the Unions as working dues for the audit period April 1, 2012 through March 31, 2013;

C.      Treble (exemplary) damages of not more than $20,686.65;

D.      For any amounts deducted from Ballou Masonry's employees' paychecks that have not been paid to the Unions as working dues for the period April 1, 2013 to the commencement of this action;

E.      Treble (exemplary) damages of not more than three times the amount deducted from Ballou Masonry's employees' paychecks that have not been paid to the Unions as working dues for the period April 1, 2013 to the commencement of this action;

F.      For any amounts deducted from Ballou Masonry's employees' paychecks that are not paid to the Unions as working dues arising after the commencement of this lawsuit through the date of judgment;

G.      Treble (exemplary) damages of not more than three times the amount deducted from Ballou Masonry's employees' paychecks that are not paid to the Unions as working dues arising after the commencement of this lawsuit through the date of judgment; and

H.      Actual costs of any investigation and litigation related to this action.

2.     For such other, further, or different relief as this Court deems just and proper.

### Claim Five – Wisconsin Laborers District Council,
### Bricklayers and Allied Craftworkers District Council of Wisconsin and
### International Union of Bricklayers & Allied Craftworkers
### Against Defendant William A. Ballou, Personally
### Common Law Conversion

51.     As an alternative to Claim Four, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 50 above and incorporate the same as though fully set forth herein word for word.

52.     Ballou did not have authority, legal or otherwise, from the Unions to deduct monies from Ballou Masonry's employees' paychecks without turning said monies over to the Plaintiffs or to use said monies for any purpose other than to pay Ballou Masonry's employees' working dues.

53.     By virtue of Ballou's intentional conduct, the Unions have not received working dues for their members and participants, even though said monies have been deducted from the members' and participants' paychecks.

54.     Through his intentional conduct of deducting working dues from Ballou Masonry's employees' paychecks and failing to forward those dues to the Unions, Ballou took property belonging to the Unions and has interfered with said Plaintiffs' lawful rights to possess the contributions and working dues.

**WHEREFORE**, the Unions demand the following relief:

1.     Judgment on behalf of the Unions and against Ballou, jointly and severally, as follows:

A.  For $6,836.45, representing the amounts deducted from Ballou Masonry's employees' paychecks, which should have been paid to the Unions as working dues for the audit period May 1, 2011 through March 31, 2012;

B.  For $59.10, representing the amounts deducted from Ballou Masonry's employees' paychecks, which should have been paid to the Unions as working dues for the audit period April 1, 2012 through March 31, 2013;

C.  For any amounts deducted from Ballou Masonry's employees' paychecks that have not been paid to the Unions as working dues for the period April 1, 2013 to the commencement of this action; and

D.  For any amounts deducted from Ballou Masonry's employees' paychecks that are not paid to the Unions as working dues arising after the commencement of this lawsuit through the date of judgment; and

E.  Actual costs of this action.

2.  For such other, further, or different relief as this Court deems just and proper.

Dated this 8th day of January, 2014.

> s/Benjamin J. Roovers
> Benjamin J. Roovers (SBN: 1092395)
> The Previant Law Firm, S.C.
> 1555 North RiverCenter Drive, Suite 202
> P. O. Box 12993
> Milwaukee, WI 53212
> 414-271-4500 (Telephone)
> 414-271-6308 (Fax)
> Email: bjr@previant.com
>
> Attorneys for the Plaintiffs