UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

BUILDING TRADES UNITED PENSION TRUST FUND
and SCOTT J. REDMAN (in his capacity as Trustee),

INDUSTRY ADVANCEMENT/ CONTRACT
ADMINISTRATION FUND,

WISCONSIN LABORERS HEALTH FUND, WISCONSIN
LABORERS PENSION FUND, WISCONSIN LABORERS
APPRENTICESHIP AND TRAINING FUND, BUILDING &
PUBLIC WORKS LABORERS VACATION FUND, and
JOHN J. SCHMITT (in his capacity as Trustee)

WISCONSIN LABORERS DISTRICT COUNCIL,

WISCONSIN LABORERS-EMPLOYERS COOPERATION
AND EDUCATION TRUST FUND, WISCONSIN LABORERS
LABOR MANAGEMENT COOPERATION TRUST FUND,
and WISCONSIN LABORERS INDUSTRY ADVANCEMENT
PROGRAM FUND,

WISCONSIN MASONS PENSION FUND, WISCONSIN
MASONS HEALTH CARE FUND, WISCONSIN MASONS
VACATION FUND, WISCONSIN MASONS 401k FUND,
WISCONSIN MASONS APPRENTICESHIP AND TRAINING
FUND, WISCONSIN MASONS IPF FUND, and
JEFFREY LECKWEE (in his capacity as Trustee),

BRICKLAYERS AND TROWEL TRADES INTERNATIONAL
PENSION FUND, INTERNATIONAL MASONRY INSTITUTE,

BRICKLAYERS AND ALLIED CRAFTWORKERS DISTRICT
COUNCIL OF WISCONSIN,

INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED
CRAFTWORKERS,

                            Plaintiffs,

v.                                                                              Case No. 14-cv-13

BALLOU MASONRY, INC. and WILLIAM A. BALLOU,

                            Defendants.

---

ORDER AND ENTRY OF JUDGMENT
AS TO DEFENDANT BALLOU MASONRY, INC.

---

Request and motion for default judgment brought by the Plaintiffs in the above-captioned action were submitted to the Court and filed with the clerk. This action having come on hearing before the Court, the issues having been duly heard, and a decision having been duly rendered, the Court orders as follows:

1. Defendant Ballou Masonry, Inc. has failed to plead or otherwise defend as provided by Rule 55(a) of the Fed. R. Civ. P.

2. Defendant Ballou Masonry, Inc. violated the Labor-Management Relations Act of 1947, as amended, as well as the Employee Retirement Income Security Act of 1974, as amended, and the effective collective bargaining agreements by failing to pay fringe benefit contributions on behalf of its employees to the Plaintiff Funds.

3. As a result of Defendant's failure, Plaintiffs are entitled to damages consisting of unpaid contributions, interest, liquidated damages, attorney fees and costs.

4. The court assesses the total damages to the Plaintiffs in the sum of $220,154.54.

**IT IS HEREBY ORDERED AND ADJUDGED** that the Plaintiffs, Building Trades United Pension Trust Fund, Scott J. Redman, Industry Advancement/Contract Administration Fund, Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, Wisconsin Laborers Apprenticeship and Training Fund, Building & Public Works Laborers Vacation Fund, John J. Schmitt, Wisconsin Laborers District Council, Wisconsin Laborers-Employers Cooperation and Education Trust Fund, Wisconsin Laborers Labor Management Cooperation Trust Fund, Wisconsin Laborers Industry Advancement Fund, Wisconsin Masons Pension Fund, Wisconsin Masons Health Care Fund, Wisconsin Masons Vacation Fund, Wisconsin Masons 401k Fund, Wisconsin Masons Apprenticeship and Training Fund, Wisconsin Masons IPF fund, Jeffrey Leckwee, Bricklayers and Trowel Trades International Pension Fund, International Masonry Institute, Bricklayers and Allied Craftworkers District Council of Wisconsin, International Union of Bricklayers and Allied Craftworkers, recover

from the Defendant Ballou Masonry, Inc. and that the Clerk of Court is directed to enter judgment in favor of Plaintiffs and against Defendant Ballou Masonry, Inc. in the amount of $220,154.54 together with interest at the rate allowed by law.

Dated at Madison, Wisconsin, this 16th day of April, 2014.

_Peter A. Oppeneer_
Clerk of Court

_____
Deputy Clerk

Dated and approved as to form this 16th day of April, 2014.

BY THE COURT:

_Barbara B. Crabb_
U. S. District Court Judge